IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROY MAGARRELL,                         No. CIV S-08-0229-LEW-CMK-P

      Plaintiff,

  vs.                                  FINDINGS AND RECOMMENDATIONS

GARRETT METAL DETECTORS, et al.,

      Defendants.

                               /

        Plaintiff, a state prisoner proceeding pro se, brings this civil action invoking 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. ), filed on January 30, 2008.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.

## I. BACKGROUND

Plaintiff names the following as defendants:

1. Garrett Metal Detectors;
2. Rodney MacProut, an attorney with the law firm of Prout & LeVangie;
3. Hon. Stephen D. Bradbury, a judge of the Lassen County Superior Court;
4. Adamson Industries North;
5. Ashante L. Norton, an Deputy Attorney General for the State of California; and
6. The Director of the California Department of Corrections and Rehabilitation.

Plaintiff claims that, in February 2003, while he was housed at High Desert State Prison in Susanville, California, he was stabbed by another inmate who used inmate manufactured metal weapons. He states the attack occurred on the high security yard, the entrance to which was controlled by a metal detector manufactured by defendant Garrett Metal Detectors.

In 2004, plaintiff filed a civil complaint for damages in the Lassen County Superior Court alleging a products liability claim. The case was assigned to defendant Bradbury. Defendant MacProut was the attorney representing defendant Garrett Metal Detectors in that suit. In the state court litigation, the defendants sought plaintiff's prison file by subpoena. Because plaintiff objected, defendant Norton filed a motion to quash the subpoena on behalf of the prison

1  (to whom the subpoena was directed).  Ultimately, the subpoena was withdrawn.  Defendant
2  Norton also filed a motion to quash different subpoenas issued by plaintiff for prison documents.
3       Plaintiff claims that, during the course of the state court litigation, defendant
4  Bradbury allowed perjured evidence from the defendants and violated United States Supreme
5  Court precedent in his various legal rulings.  Plaintiff states that he has requested the California
6  Supreme Court to appoint a special investigator into the conduct of the state court litigation.  He
7  claims defendant MacProut "stole evidence" and that defendant Bradbury allowed this to happen.
8  Plaintiff also complains that defendant Bradbury denied all his motions and would not let him
9  pursue discovery.  He states that the state court case ended in summary judgment granted in the
10 defendants' favor.
11      The court cannot find any factual allegations in the instant complaint relating to
12 the Director of the California Department of Corrections and Rehabilitation.
13
14                           **II.  DISCUSSION**
15      This action cannot proceed for a number of reasons.  First, according to plaintiff,
16 the state court litigation ended in summary judgment against him.  Thus, to the extent the instant
17 action seeks damages based on a products liability theory, the claims are barred by the doctrines
18 of claim preclusion and/or issue preclusion.  See Nordhorn v. Ladish Co, Inc., 9 F.3d 1402, 1404
19 (9th Cir. 1993); Allan v. McCury, 449 U.S. 90, 94 (1980); see also Hawkins, 984 F.2d at 325.
20 Second, claims against defendant Bradbury are all based on his conduct while presiding as the
21 judge in the state court case.  Thus, he is immune from suit.  See Schucker v. Rockwood, 846
22 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).  Third, defendants Garrett Metal Detectors and
23 Adamson Industries North are not state actors and, as such, they cannot be liable for civil rights
24 violations under 42 U.S.C. § 1983, under which only those acting under color of state law can be
25 liable.  Finally, plaintiff has not alleged any facts against the remaining defendants which would
26 establish any constitutional violation.  See Monell v. Dep't of Social Servs., 436 U.S. 658

(1978); Rizzo v. Goode, 423 U.S. 362 (1976).

It is clear that plaintiff is upset with the way the state court litigation was handled and with the outcome of that case. This court, however, is not the proper venue to air such complaints. Except in the habeas corpus context, the federal courts cannot review state court judgments on questions of state law.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 1, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE